PRICE, Judge.
These are consolidated tort actions arising out of vehicular collisions occurring on May 30, 1967, in Caldwell Parish, Louisiana. Plaintiffs in Suit No. 11,376 are Donald W. Coleman, his wife, Mary T. Coleman, and Motors Insurance Corporation, their collision insurer. This action named as defendants Ned M. Ross, Monroe Frozen Food Company, Inc. of Shreveport (hereinafter'referred to as “Monroe”), and American Employers Insurance Company, the liability insurer of Monroe.
As a result of the accident described hereinafter, Mr. and Mrs. Coleman seek damages for the personal injuries to Mrs. Coleman, medical expenses paid on her behalf by Mr. Coleman, and the damage to the family automobile not covered by insurance. Motors Insurance Corporation asks for judgment for the amount paid to Coleman under the collision policy issued on the Coleman vehicle.
In Suit No. 11,377, Basil Roane Nether-land filed suit for personal injuries, medical expenses and loss of earnings against two groups of defendants alternatively: (1). Donald W. Coleman, Mary T. Coleman and State Farm Mutual Automobile Insurance Company, and (2). Monroe Frozen Foods Company, Inc. of Shreveport, *887 and its insurer, American Employers Insurance Company. Lumbermens Mutual Casualty Company joins as a plaintiff in this action, seeking the sum of $2,546.63 paid to Netherland for workmen’s compensation benefits under the provisions of an insurance policy covering his employer, Jitney Jungle, Inc.
For simplicity, Suit No. 11,376 will be called the “Coleman suit” hereafter, and Suit No. 11,377 will be referred to as the “Netherland suit”.
The accident giving rise to these claims occurred on U.S. Highway 165 at a point 2.2 miles south of Columbia. The highway involved is a conventional two-lane blacktop type construction with a wide shoulder of dirt and gravel. As Netherland was traveling south in his proper lane of traffic his vehicle was struck almost head-on by the automobile driven by Mrs. Coleman.
It is asserted in the Coleman petition, and by the testimony of Mrs. Coleman, that the accident was caused solely by the negligence of Ned M. Ross, the driver of a truck belonging to Monroe Frozen Foods. Mrs. Coleman’s testimony describing the accident is as follows: She was driving northerly on U.S. Highway 165 on her way to Columbia from her home in Jena. She stopped at a traffic signal in Grayson, some two or three miles prior to the accident scene. At this time she was following a bread truck which also stopped for the signal light. As these two vehicles pulled away from the light, a white truck identified as the Monroe truck, was observed by Mrs. Coleman for the first time as it pulled to a stop for the same signal she had just left. Some two miles toward Columbia Mrs. Coleman noted the bread truck reducing its speed to allow a large cattle truck, which had been overtaken, to make a right turn from the highway. As she braked her vehicle to allow for this situation, she saw the Monroe truck approaching rapidly in her rear view mirror. The Monroe truck struck the right rear of the Coleman vehicle and propelled it into the opposite lane for oncoming traffic, at which time it immediately collided with the southbound Netherland vehicle. After striking the Coleman vehicle the Monroe truck overturned on the right shoulder of the highway on its left side.
The defendants, Ross, Monroe and American Employers Insurance Company, answered both suits, denying any liability and asserting that Ross was not guilty of any negligence which contributed to the accident.
Ross, in his testimony, described the happening of the accident as follows: He was traveling northerly on U.S. Highway 165 approximately halfway between Grayson and Columbia, following a large cattle truck, a bread truck and two or three automobiles. The line began to slow to allow the cattle truck to turn to the right. As he slowed he saw the Coleman vehicle following behind him pull into the passing lane. As it reached a point about opposite the cab of his truck, he saw the Netherland vehicle approaching from the north and realized there would be an accident. He cut his truck to the right, and in attempting to dodge a tree just off the east shoulder his vehicle turned over on its left side. At the time his truck began to turn over he heard the collision of the Coleman and Nether-land automobiles. Ross denied having struck the Coleman vehicle.
Netherland testified that as he approached a line of vehicles proceeding in the opposite direction he was conscious of the presence of at least two trucks, one of which he could identify as being a bread truck. As he was passing these vehicles an automobile suddenly came into his path. He was uncertain whether it came from between the two trucks or from behind the second truck. He recalled that the impact with his car was almost instantaneous, and he had no time to take any evasive action.
There were no other eye witnesses to the accident other than the three drivers involved herein. The remaining evidence on the question of liability consisted of the *888 testimony of the State Troopers who investigated the accident and certain photographs of the vehicles involved.
The troopers who conducted the investigation testified that at the time Mrs. Coleman was contacted in the hospital, approximately one hour after the accident, she stated the truck had hit the right rear of her vehicle, causing it to move into the other lane of traffic. The two vehicles were inspected by these troopers, but they could not ascertain any damage to either which they could relate to a rear end collision. The photographs of the Coleman vehicle reflect some damage to the right rear fender and surrounding area, with the rear bumper pulled back on the right side. The photograph of the front of the Monroe truck does not reflect any damage to the heavy front bumper.
On the basis of this evidence the trial judge concluded that the accident happened in the manner described by Mrs. Coleman and was caused solely by the negligence of Ross in striking the rear of the Coleman vehicle with the front of the Monroe truck. Judgment was rendered in the Coleman suit against Ross, Monroe, and National Fire and Marine Insurance Company, in solido, awarding Mr. Coleman $190.00, Mrs. Coleman $2,000.00, and Motors Insurance Corporation $1,225.30. Monroe and National Fire and Marine Insurance Company were cast in the Netherland suit for the total sum of $12,600.00.
Both of these actions are now before us on a suspensive appeal perfected by the defendants cast in judgment. Plaintiff in the Netherland case has appealed devolutively in the Coleman suit merely to protect his right to a judgment against the Colemans and their insurer should this court reverse the trial court’s finding of fault on the part of the truck driver, Ross. Netherland answered the appeal taken in this action, asking that the judgment for personal injuries be increased to $15,000.00 and that he be allowed an additional sum of $1,600.00 for loss of earnings.
The appellants specify as error the finding by the trial court that Ross collided with the rear of the Coleman vehicle, propelling it into the opposite lane for oncoming traffic, and in finding that Mrs. Coleman had discharged the burden of proving herself free from fault to exonerate her presence in the improper lane when the collision occurred. Appellant also contends the amounts awarded Netherland and Mrs. Coleman for personal injuries were excessive.
We recognize the general rule laid down by the jurisprudence that a motorist who is involved in a collision in the wrong lane must absolve himself from negligence by a clear preponderance of the evidence. Also, we are aware of the decisions which hold that merely the uncorroborated testimony of the party in the wrong lane attempting to blame some third party with fault which caused his vehicle to be in the improper lane, is not usually sufficient to carry the burden.
However, in the instant case, the trial judge has found the testimony of Mrs. Coleman, weighed in relation to the testimony of Netherland, to be controlling and sufficient to free her of fault.
It is obvious that the version given by Mrs. Coleman and Ross are completely irreconcilable. According to the Ross version, the Coleman vehicle was engaged in a gradual passing maneuver around his truck and the line of vehicles in front of him. This would have placed the Coleman vehicle in the improper lane for a sufficient length of time that an approaching motorist, maintaining any degree of lookout, would have noted its presence soon enough to have attempted some evasive action. Netherland, at all times, in discovery deposition and on trial, testified that the first time he observed the Coleman car it suddenly came from either in front of or behind one of the two trucks. He also testified the impact was instantaneous and no evasive action was attempted by him. The *889 trial judge found this testimony to corroborate Mrs. Coleman’s testimony of how the accident happened.
Appellant argues that the photographs and testimony describing damage to the vehicles negate Mrs. Coleman’s version and diminishes its weight to less than a preponderance of the evidence.
We do not believe we can accord this effect to the physical evidence in this case in the face of sufficient eye witness testimony that can be weighed and a conclusion derived therefrom which is reasonable and logical. The Coleman and Ross vehicles were both moving, according to Mrs. Coleman’s version. The surface of the road was wet. We are not in a position to say that a slight impact by the heavy truck of a glancing nature to the right rear of the lighter automobile of Mrs. Coleman could not alter the direction of travel of the automobile without causing visible damage to either vehicle. It should also be noted that the damage to the Coleman car was to the right front which indicates it was at an angle at the time of impact rather than meeting the Netherland car completely head-on. An analysis of all the evidence convinces us the accident could not have happened in the manner described by the truck driver, Ross. Nor do we find that the trial court has abused the discretion vested in it under Louisiana Civil Code Article 1934(3) in fixing the amounts of damage due the plaintiffs in either of these cases.
Netherland was awarded $12,600.00 for personal injuries, subject to the priority of Lumbermens Mutual for the sum of $611.25 and $1,935.38 for compensation and medical expenses paid to or on behalf of Netherland. As a result of the accident Netherland suffered multiple contusions and lacerations about the head and face. These required a number of stitches and resulted in permanent scarring of his nose and forehead. He also suffered a severe laceration of the left elbow and contusions to his arms, legs, chest wall and lungs. Three ribs on the left and one on the right side were fractured. He was hospitalized a total of 23 days in connection with injuries received in the accident. The orthopedic testimony disclosed a permanent injury to one of his knees resulting in an estimate of a 5% impairment of his lower extremities. The evidence reflects that plastic and reconstructive surgery would be required to correct the scarring on his face and nose at an estimated cost of $275.00. Nether-land lost approximately two and one-half months from his employment as a territorial supervisor for Jitney Jungle, Inc. His estimated loss of commissions amounts to $1,600.00 during this time. We believe the trial judge intended to include this amount in his total award to Netherland. The amount awarded is neither excessive nor insufficient and should not be disturbed by this court.
Mrs. Coleman was awarded the sum of $2,000.00 for a broken collar bone and multiple superficial bruises. She spent one night only in the hospital and was required to wear a brace for a period of approximately four weeks. At the time of trial she had completely recovered from any effects of her injuries.
Although the amount awarded Mrs. Coleman is very ample for her injuries, we do not feel that we can say that it is so excessive to be an abuse of the trial judge’s discretion.
The other awards made in the judgment appealed from are not in dispute on this appeal.
It is therefore ordered that the judgments appealed from in Suits No. 11,376 and No. 11,377 are hereby affirmed, at appellants’ cost.